IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES CARL THOMPSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-00327-RP |
| CONNER BROWN[1], et al. | § § § | |
| Defendants. | § | |

### ORDER

Before the Court are Plaintiff James Carl Thompson's original civil rights complaint (Dkt. 1), more definite statement (Dkt. 13), amended complaint (Dkt. 23), supplement to amended complaint (Dkt. 24), and motion to enter evidence (Dkt. 27); Defendant Brown's Motion to Dismiss Plaintiff's Complaint and More Definite Statement (Dkt. 20) and Motion to Dismiss Amended Complaint (Dkt. 25); Plaintiff's response (Dkt. 36); Plaintiff's advisory (Dkt. 39); Defendant Brown's Reply (Dkt. 38); Plaintiff's supplemental response (Dkt. 40); Plaintiff's sur-reply (Dkt. 41); Defendant Judd's Motion to Dismiss (Dkt. 42); and Plaintiff's response thereto (Dkt. 44). Having considered the parties' pleadings, the record, and the relevant law, the Court dismisses Plaintiff's complaint as amended and supplemented.

### I. BACKGROUND

At the time he filed his civil rights complaint, Plaintiff was confined in the Bastrop County Jail. Plaintiff alleges he was denied treatment for his "rotted leg" on May 8, 2023, at a St. David's Hospital. He claims a hospital security guard and two medical staff assaulted him by punching him four times in the head while his arms were held. He alleges Officer Judd of the Bastrop Police

---

[1] Defendant indicates his named is spelled Conor Brown.

Department withheld the hallway video from the hospital and only showed 2 minutes and 38 seconds of a video taken in the hospital lobby.

In a separate incident on July 9, 2024, Plaintiff alleges Officer Brown fabricated evidence against him by stating Plaintiff's mom said Plaintiff had a gun. According to Plaintiff, Brown included in the arrest warrant affidavit that Plaintiff said he was going to "blow his face." Plaintiff claims the video from the incident clearly shows Plaintiff was yelling at his mom to "stay back he's pointing a gun at my face."

Plaintiff sues Officers Judd and Brown and the St. David's Hospital. He seeks his release from jail and punitive damages in the amount of $250,000.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. With respect to Officer Judd and the incident in May 2023, Plaintiff complains that Judd failed to arrest the security guard and two doctors and instead arrested Plaintiff. He further complains that Judd failed to gather video feed from the hallway, showing Plaintiff running for his life out into the lobby. According to Plaintiff, he bounced off the door, was tackled and held down by two doctors, and was choked and punched by the security guard. Plaintiff claims this happened because he refused to leave the hospital when he was denied treatment for his red, green, and black leg wound. Plaintiff explains he thought he had a parasite from working with garbage daily. According to Plaintiff, he was told to go elsewhere, wash his leg with soap and water, and place another paper towel on his wound. Plaintiff faults Judd for failing to arrest the security guard and the two doctors and instead charging Plaintiff with assault.

Public records reflect Plaintiff was indicted in Bastrop County in Cause No. 18,682 on August 6, 2024, for Assault on Security Officer – Enhanced. Despite the indictment, Plaintiff denies that there was probable cause for his arrest. He explains the hallway video showed Plaintiff coming out of room five with his hands in the air. He asserts he broke free from the guard and took off

running. After he allegedly hit the glass door and bounced off, he claims he was tackled, choked, and punched. Plaintiff continues to complain that the video from the hallway was missing and presumably would have verified his version of events.

With respect to Officer Brown and the incident in July 2024, Plaintiff alleges Brown made a false report to the state judge to get an arrest warrant when Brown stated Plaintiff's mom said Plaintiff had a gun. Plaintiff's allegations are not clear, but he appears to assert that Brown charged Plaintiff with threatening an officer. According to Plaintiff, Plaintiff could be heard on the vest cam video yelling to his mom to "stay back he's pointing a gun at my face." Plaintiff claims Officer Brown told another officer that Plaintiff said he "was going to blow his face." Plaintiff also complains that Brown coerced Plaintiff's mom into placing an emergency protective order on him purportedly to "cover his tracks about the false gun report." During the arrest, Plaintiff alleges he was tased and punched and suffered a gash to his forehead. However, he does not allege Officer Brown committed these acts.

Public records reflect Plaintiff was indicted in Bastrop County in Cause No. 18,816 on October 10, 2024, for Terroristic Threat Against Peace Officer. Plaintiff denies probable cause existed for his arrest because he can be heard on video screaming "mom stay back! He is pointing a gun at my face." He also asserts there was never a gun reported.

After consideration of Plaintiff's complaint and more definite statement, the Court ordered service on Officers Judd and Brown. The Court did not order service on St. David's Hospital because it is not a state actor. Officer Brown moved to dismiss Plaintiff's complaint and more definite statement. However, before Plaintiff was served with the motion to dismiss, Plaintiff filed an amended complaint.

In his amended complaint, Plaintiff attempts to substitute Security Guard Zachariah Rodriguez for the hospital. Plaintiff alleges Rodriguez came to room five and told Plaintiff to leave. Plaintiff asserts he told Rodriguez, "I would fucking leave once the Doctor helps my leg," which he

describes as "green, black and swollen a red angery [sic] color." According to Plaintiff, a doctor laughed at him and told him there are no parasites in Texas and to wash the leg with soap and water. Plaintiff alleges Rodriguez pushed him off the table. Plaintiff states Rodriguez claimed in the police report that Plaintiff swung at him but missed and that was the reason Rodriguez pushed Plaintiff off the table. Plaintiff alleges Rodriguez ran around the table and tackled Plaintiff while Plaintiff was holding a water bottle and a Dr. Pepper can. Plaintiff asserts Rodriguez placed him in a full nelson, pushed him into the hallway, and slammed him twice into the door. According to Plaintiff, he dropped the water bottle and Dr. Pepper so he could open the door. Plaintiff claims he ran for the exit, hit the door, and bounced off. The security guard and two doctors allegedly tackled him. Plaintiff wishes to sue Rodriguez for making a false police report, assault, and using excessive force. According to Plaintiff, Rodriguez claimed Plaintiff bit his finger, but Plaintiff asserts the pictures of Rodriguez's injuries only show a bump on his lip and a busted right knuckle on his index finger. Plaintiff claims he thinks the incident at the hospital occurred because the hospital system shows Plaintiff is a sex offender.

Defendant Brown moves to dismiss Plaintiff's complaint and amended complaints, as supplemented by Plaintiff's many filings. Brown provides the Court with the Probable Cause Affidavit that Plaintiff was ordered to provide. The probable cause affidavit states:

- On 7/9/2024, I, Investigator Conor Brown, was conducting a warrant arrest at 124 Dallas St, Paige, TX with other uniformed Sheriff's Deputies. I was attempting to arrest James Thompson for 2 misdemeanor warrants: DCPC-24-137 Unlawful Restraint and DCPC-24-138 Interfere with Emergency Request for Assistance. This is a family violence case where the victim is the defendant's elderly mother.

- During the arrest attempt, I made eye contact and verbal contact with James Thompson through the window closest to the front door. James Thompson and I are familiar with each other due to previous cases and through James Thompson's regular sex offender registration appointments. James Thompson acknowledged my presence, but did not comply or cooperate with any commands to exit the residence.

- James Thompson threatened through the closed door that he would shoot me. James Thompson dared me to kick the door open. James Thompson threatened to blow our faces off.

- James Thompson's mother, Kay Garrison, owns a firearm and it was unknown if James Thompson currently had possession of it. I was reasonably placed in fear of serious bodily injury and/or death by James Thompson's threats.

- James Thompson was later arrested in the back yard and was in possession of a machete, but the firearm was not in his possession.

Brown explains the October 1, 2024 indictment for terroristic threat followed almost three months after Plaintiff's arrest on the two misdemeanor charges. Brown denies Plaintiff has asserted a valid claim under the Fourth or Fourteenth Amendments. Brown also asserts his entitlement to qualified immunity. In his motion to dismiss Plaintiff's amended complaint he points out that he is not mentioned in the amended complaint, which he claims superseded Plaintiff's original complaint. For this reason, he contends he should be dismissed as a defendant.

Defendant Judd also moves to dismiss Plaintiff's claims against him. He asserts there is nothing unconstitutional about making an arrest or failing to gather all possible evidence. He also asserts his entitlement to qualified immunity.

Plaintiff responds that Judd is guilty of "sloppy! Police work!" Plaintiff claims Judd lied when he said, "there is no hallway video." Plaintiff complains Judd arrested Plaintiff for assault when Plaintiff was the true victim. He maintains Rodriguez should have been fired and jailed. Inexplicably, Plaintiff alleges he was the victim and "so was the patient [Rodriguez] raped." He contends had Judd acted like an officer instead of a pal, "the female would not have been raped."

Public records reflect on October 8, 2025, Plaintiff pleaded guilty to making a terroristic threat against a peace officer in Cause No. 18,816 for which he was sentenced to 18 months and given 457 days of jail credit. Cause Nos. 18,682 (assault on a security officer), 60,712 (violation of bond or

5

protective order), DCPC-24-137 (Unlawful Restraint), and DCPC-24-138 (Interfere with Emergency Request for Assistance) were unadjudicated per 12.45(a) of the Texas Code of Criminal Procedure.[2]

## II. LEGAL STANDARD

### A. 28 U.S.C. § 1915

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*,

---

[2] Pursuant to section 12.45, a person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.

407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. <u>Rule 12(b)(6)</u>

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

A. <u>Officer Judd</u>

Construing Plaintiff's pleadings liberally, Plaintiff alleges Judd falsely arrested him for assault on a security officer and failed to adequately investigate. Plaintiff was indicted for this crime on August 6, 2024. On October 8, 2025, the case was declared unadjudicated per 12.45 of the Texas Code of Criminal Procedure.

If facts supporting an arrest are placed before an independent intermediary such as a magistrate judge or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009). A properly secured grand jury indictment will shield a defendant who has committed or initiated a false arrest. *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553-54 (5th Cir. 2016). This is true even if the independent intermediary's action occurred after the arrest or if the arrestee was never convicted of a crime. *Id.* at 554.

8

The independent-intermediary doctrine, however, does not apply "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009)). On a motion to dismiss, mere allegations of taint can suffice if the inference of taint is supported by other facts alleged. *Id.* at 690. For this exception to the independent-intermediary doctrine to apply, the plaintiff must plead facts that support the inference that "the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission." *Id.* at 689 (citing *Buehler*, 824 F.3d at 555.

Plaintiff fails to show the intermediary's decision to indict was tainted. No such taint is directly alleged in Plaintiff's pleadings, and the other facts alleged are insufficient to support inferring a taint here. The complaint does not point to any facts that support a malicious motive on the part of Officer Judd. In addition, the failure to fully investigate a crime does not constitute an independent constitutional violation. *See e.g., Troncozo v. Amarillo Police Dep't*, No. 2:24-CV-12-Z-BR, 2024 WL 5320560, at *2 (N.D. Tex. Dec. 20, 2024), *report and recommendation adopted*, No. 2:24-CV-12-Z-BR, 2025 WL 82447 (N.D. Tex. Jan. 13, 2025) (cleaned up) (collecting cases).

B. <u>Officer Brown</u>

Plaintiff alleges Brown stated in the probable cause affidavit that Plaintiff's mom said Plaintiff had a gun and Plaintiff said he was going to "blow his face." Plaintiff claims the video from the incident clearly shows Plaintiff was yelling at his mom to "stay back he's pointing a gun at my face."

A grand jury indicted Plaintiff on October 1, 2024, for Terroristic Threat Against a Peace Officer. After Defendant Brown filed his motions to dismiss, Plaintiff pleaded guilty and was sentenced to 18 months confinement on October 8, 2025.

The Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) barred any § 1983 claim that effectively attacks the validity of a conviction or imprisonment until the conviction or sentence

has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. Thus, the key inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Id.*

Success on Plaintiff's claims against Defendant Brown necessarily calls into question the validity of Plaintiff's conviction for Terroristic Threat Against a Peace Officer. Plaintiff recently pleaded guilty to this crime, and his conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Thus, Plaintiff's claims against Defendant Brown are barred by *Heck*. Because the Court need not reach the merits of Defendant Brown's motions to dismiss, they are dismissed without prejudice.

### C. Security Guard Rodriguez

In his response to Defendant Judd's Motion to Dismiss Plaintiff explains he did not intend for his amended complaint to take the place of his original complaint. Instead, Plaintiff asserts he was attempting to substitute as a defendant Security Officer Zacharaiah Rodriguez for St. David's Hospital, which he admits is not a state actor. After consideration of Plaintiff's amended complaint, the Court grants Plaintiff's request to substitute Zacharaiah Rodriguez for St. David's Hospital.

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

10

Private individuals are not generally considered to be state actors for the purpose of § 1983, but "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

Plaintiff's civil rights claims against Rodriguez fail for the same reasons his claims failed against St. David's Hospital. The security guard for the hospital is not a state actor, and Plaintiff's allegations are insufficient to assert a claim that Rodriguez conspired with state actors.

## IV. SUPPLEMENTAL JURISDICTION

To the extent Plaintiff also asserts state law claims against Defendant Rodriguez, the Court dismisses them without prejudice. Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action over which it has original jurisdiction that they form part of the same case or controversy. However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. Because the Court dismisses Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## V. RELEASE

In addition to requesting punitive damages Plaintiff requests that he be released from the Bastrop County Jail. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a petitio for writ of habeas corpus.

## VI. CONCLUSION

Plaintiff's claims against Defendant Judd are dismissed because Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's claims against Defendant Brown are *Heck* barred.

11

Plaintiff's request to substitute Rodriguez as a defendant is granted. However, Plaintiff's civil rights claims fail because Rodriguez is not a state actor. To the extent Plaintiff asserts state law claims against Rodriguez, the Court declines to exercise supplemental jurisdiction. Finally, to the extent Plaintiff seeks release, he must pursue such relief in a petition for writ of habeas corpus. The Court declines to construe this action as a petition for writ of habeas corpus.

**IT IS ORDERED** that Plaintiff's request to substitute contained in his Amended Complaint (Dkt. 23) is **GRANTED**. Zacharaiah Rodriguez is added as a defendant and Defendant St. David's Hospital is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Brown are **DISMISSED WITH PREJUDICE** to being asserted again until the conditions of *Heck* are met. Defendant Brown's Motions to Dismiss (Dkts. 20 and 25) are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Judd's Motion to Dismiss is **GRANTED**. Plaintiff's claims against Defendant Judd are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's civil rights claims against Defendant Rodriguez are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915. Plaintiff's state law claims against Defendant Rodriguez are **DISMISSED WITHOUT PREJUDICE**, as the Court declines to exercise supplemental jurisdiction over them.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enter Evidence (Dkt. 27) is construed as a supplement to his complaints and its motion status is **TERMINATED**.

**IT IS FINALLY ORDERED** that this case is **CLOSED**.

**SIGNED** on November 10, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE